# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 CR 366 | **DATE** | 7/9/2002 |
| **CASE TITLE** | USA vs. Ramona Jamaleddin | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Order. Defendant's motion for early return of trial subpoenas is granted. (13-1) Defendant's motion for notice of Intention is granted and the Government is to produce all 404(b) material three weeks before trial. (12-1) Defendant's motion for Immediate Disclosure of Favorable Evidence and Motion for Disclosure of Evidence which may Lead to the Impeachment are granted in part in that the Government is ordered to comply with its obligations under Rule 16 and its Brady and Giglio obligations, but not more. (10-1, 11-1)

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | number of notices | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | | |
| ✓ | Notices mailed by judge's staff. | | | JUL 10 2002 date docketed | 17 |
| | Notified counsel by telephone. | | | | |
| | Docketing to mail notices. | | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Mail AO 450 form. | | | 7/9/2002 | |
| | Copy to judge/magistrate judge. | | 02 JUL -9 PM 2:19 | date mailed notice | |
| SN | courtroom deputy's initials | | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA, )
)
        Plaintiff, )
)
v. ) No. 02 CR 366
)
RAMONA JAMALEDDIN, )
)
        Defendant. )

DOCKETED
JUL 1 0 2002

MEMORANDUM ORDER

At the last status hearing in this case on June 25, 2002, it turned out that the government had not yet filed its response to the motions that had earlier been timely filed on behalf of defendant Ramona Jamaleddin ("Jamaleddin"). This Court then granted Jamaleddin's unopposed motion for the early return of trial subpoenas, and it asked government counsel to file a brief response to the other pending motions. That brief response was filed on the same day, so that the motions are ripe for disposition.

Jamaleddin's "Motion for Immediate Disclosure of Favorable Evidence" and her "Motion for Disclosure of Evidence Which May Lead to the Impeachment of Any Government Witness" have been met with the government's standard response based on the United States Attorney's "open file" policy. As is pointed out correctly by government counsel, those requests are overbroad to the extent that they go beyond the requirements of Fed. R. Crim. P. ("Rule") 16. This Court therefore simply orders the United

/7

States to comply with its obligations under Rule 16 and its Brady and Giglio obligations, but not more. It should be noted that this ruling together with the government's acknowledgment of its obligations do not render Jamaleddin's motion moot (something that the government always urges by reason of its having acknowledged its obligations in those respects).

Next, to the extent that Jamaleddin's motions call for the disclosure of Jencks Act materials (18 U.S.C. §3500), this Court cannot of course override the statutory provision that specifies the timing of the government's required disclosures. Instead this Court welcomes the government's commitment to provide such Jencks Act materials to defense counsel not later than three weeks before the date of commencement of trial or, as to any witness not yet known to government counsel, as soon as such witness is identified.

Finally, as to Jamaleddin's "Motion for Notice of Intention To Use Evidence of Other Crimes, Acts and Wrongs of Defendant," this Court also orders all such Fed. R. Evid. 404(b) material to be produced three weeks before the commencement of trial. If the government were to claim that any such material has not been available early enough to provide that much lead time, it must file a motion asking leave for later production.

_____
Milton I. Shadur
Date: July 8, 2002    Senior United States District Judge